## ROSENTHAL & CO. v. MILLER.

**Evidence:** ERROR WITHOUT PREJUDICE. If it be admitted that the court erred in admitting testimony in this case, yet it appears that such errors were without prejudice, and therefore no ground for reversal, because, upon the evidence properly admitted, the judgment could not legally have been different from what it was.

*Appeal from Council Bluffs Superior Court.*—HON. E. E. AYLESWORTH, Judge.

Rosenthal & Co. v. Miller.

FILED, JANUARY 28, 1890.

ACTION upon an account. Defendant in his answer denied indebtedness, and set up a counter-claim for damages on account of the breach of a contract for the sale of certain goods. The case was tried without a jury, and judgment rendered for plaintiff. Defendant appeals.

*Smith, Harl & McCabe*, for appellant.

*Flickinger Bros.*, for appellees.

BECK, J.—I. The objections made to the judgment of the court below are wholly directed against rulings upon exceptions to depositions and other testimony in the case. The action is upon an account for goods which were sold by a traveling salesman for plaintiffs. One of the plaintiffs testifies by deposition that the sale was made upon the order given to the salesman; that the goods were shipped to defendants; and to other matters that need not be specified. Various objections are made to the different interrogatories of the plaintiff's deposition; as that the evidence is hearsay, and that a copy of the account and order given for the goods was introduced in evidence. These objections were overruled. The plaintiff testifies to the fact that he personally supervised the shipping of the goods, and that the goods ordered were shipped. He presents a copy of the account for the goods. We do not understand that the copy is made evidence of the purchase, but is used to describe the goods sold and shipped. This witness did not produce the order for the goods; but it was afterwards produced by the traveling salesman who sold the goods. All this competent evidence conclusively shows that the goods were ordered by the defendant, and were shipped to him. He was a witness in the case, but made no denial in his testimony that the orders for the goods were given, or that the goods were received by

him.   There was evidence also tending to show admissions of the debt by failure to make any objection to the claim when it was first presented to defendant.   All this evidence was certainly competent, and it cannot be doubted that it fully authorized the court below to enter judgment on the claim.

II.   Now, let it be assumed that all other interrogatories than those presenting the evidence we have just recited, and all other evidence, upon the technical objections urged by counsel, should have been suppressed, yet the judgment must have been as it was finally rendered; and, had the court failed to render such judgment to that effect, it would have been an error requiring a reversal of its decision.   It is therefore apparent that, if the court below erred in overruling defendant's objections and exceptions to evidence, it was error without prejudice, for which the law will not permit us to disturb the judgment.

                                                             AFFIRMED.